

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| JOEL R. CRISALLI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-272 |
| | § | |
| WILLIS RE INC., PHILLIP BOWIE and JOHN AUER | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTIONS TO DISMISS

The following motions are pending before the court:

1. Defendant John Auer's motion to dismiss for failure to state a claim (docket entry #5);

2. Plaintiff's response to Defendant's motion to dismiss for failure to state a claim (docket entry #11);

3. Defendant John Auer's reply to Plaintiff's response to Defendant John Auer's motion to dismiss for failure to state a claim (docket entry #12);

4. Defendants Willis Re Inc. and Phillip Bowie's motion to dismiss under Rule 12(b)(6) and supporting brief (docket entry #13);

5. Plaintiff's response to Defendants Willis Re Inc. and Phillip Bowie's motion to dismiss under Rule 12(b)(6) (docket entry #19); and

6. Defendants Willis Re Inc. and Phillip Bowie's reply to Plaintiff Joel R. Crisalli's response to Defendants Willis Re Inc. and Phillip Bowie's motion to dismiss under Rule 12(b)(6) (docket entry #24).

After careful consideration, the court is of the opinion that the Defendants' motions to dismiss should be granted.

## I. BACKGROUND

According to the complaint, Defendant John Auer ("Auer") hired the Plaintiff ("Crisalli") in 1999 as a consultant in connection with the creation of a Texas homeowners insurance program. Pl. Orig. Compl., p. 4, ¶ 11. Ultimately, a Lloyds insurance company was formed for the purpose of writing homeowners, dwelling, fire, personal umbrella and flood insurance in the State of Texas. *Id*. The company was formed for American Strategic Insurance Corporation ("ASI") under the name ASI Lloyds. *Id*. at p. 4, ¶¶ 11-12. Auer is the president of ASI which initially owned 56% of ASI Lloyds. *Id*. at p. 4, ¶ 12.

Crisalli's compensation package included the immediate payment of $20,000 to be followed by an amount equal to one percent of the gross written premiums for the first 24 months of the program's operation (the "override"). *Id*. at p. 4, ¶ 13. Although Crisalli was paid the $20,000, he was not paid the override. *Id*. at p. 4, ¶¶ 14-15. After his requests for the override remained unheeded, Crisalli instituted a lawsuit against ASI for breach of contract. *Id*. at p. 4, ¶ 15. On June 16, 2005, this court entered a judgment in favor of Crisalli in excess of $500,000 in that lawsuit. *Id*. at p. 5, ¶ 16.

Crisalli worked at Stonington Insurance Company ("Stonington") at the time he filed his lawsuit against ASI. *Id*. at p. 5, ¶ 20. Stonington is one of many subsidiaries of Renaissance Re Holdings, Ltd. ("Renaissance"), a large insurance holding company. *Id*. at p. 5, ¶ 21. Defendants Willis Re Inc. ("Willis Re"), Phillip Bowie ("Bowie") and ASI do a substantial amount of business with Renaissance and its affiliates. *Id*. at p. 5, ¶¶ 22-24.

Crisalli contends that Auer sought to retaliate against him for filing his lawsuit against ASI. *Id*. at p. 6, ¶ 25. Crisalli surmises that Auer requested Willis Re and Bowie to use their contacts with

Renaissance to influence Stonington to terminate Crisalli's employment. *Id*. at p. 6, ¶¶ 25-27. Crisalli alleges that Bowie then contacted Bill Riker, president of a Renaissance affiliate, who then contacted David Heatherly, then executive vice-president of Stonington, with the instruction that Crisalli's employment was to be terminated. *Id*. at p. 6, ¶¶ 27-28. Mr. Heatherly subsequently terminated Crisalli's employment on June 30, 2003. *Id*. at p. 6, ¶ 28.

Crisalli subsequently initiated the instant lawsuit, asserting claims against the Defendants for tortious interference with an existing contract, intentional infliction of emotional distress and conspiracy. The Defendants subsequently filed motions to dismiss, arguing that Texas law precludes Crisalli from bringing a claim for intentional infliction of emotional distress. In the alternative, the Defendants argue that Crisalli failed to plead facts sufficient to support a cause of action for intentional infliction of emotional distress. Since the court concludes that Crisalli is precluded from bringing a claim for intentional infliction, it is not necessary for the court to rule on the Defendants' alternate theory of dismissal.

## II. DISCUSSION

### A. LEGAL STANDARD

District courts may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A district court should grant a motion to dismiss under Rule 12(b)(6) in two situations. First, "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," dismissal is proper. *Scanlan v. Texas A & M University*, 343 F.3d 533, 536 (5th Cir. 2003). Second, "if the allegations, accepted as true, do not present a claim upon which relief legally can be obtained," dismissal is also proper. *Adolph v. Fed. Emergency Mgmt. Agency of the United States*, 854 F.2d 732, 735 (5th Cir. 1988) (citations

omitted).

Courts in this circuit have "consistently disfavored dismissal under Rule 12(b)(6)." *Scanlan*, 343 F.3d at 536 (citations omitted). In deciding whether to grant a motion to dismiss, the district court "must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." *Id*. (citations omitted). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted).

### B. ANALYSIS

Under Texas law, "intentional infliction of emotional distress is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). "Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

Here, the gravamen of Crisallli's complaint is that of tortious interference with a contract. Crisalli had an employment contract with Stonington which was allegedly interfered with by the Defendants. The conduct underlying Crisalli's intentional infliction of emotional distress claim is identical to the conduct underlying his tortious interference with a contract claim. Crisalli did not allege any additional facts in support of his intentional infliction of emotional distress claim.

Further, Texas law already recognizes a claim for tortious interference with a contract, a claim which does not permit the recovery of mental anguish damages. *Creditwatch*, 157 S.W.3d at 818, citing *Am. Nat'l Petroleum Co. v. Transcontinental Gas Pipe Line Corp.*, 798 S.W.2d 274, 278

(Tex. 1990).[1] "Intentional inflication claims cannot be used 'to circumvent the limitations placed on the recovery of mental anguish damages under more established tort doctrines.'" *Creditwatch*, 157 S.W.3d at 818. Crisalli, therefore, may not bring a claim for the intentional infliction of emotional distress in an effort to circumvent the unavailability of mental anguish damages under his claim for tortious interference with a contract.[2]

### III. CONCLUSION

Based on the foregoing, the court hereby **GRANTS** Defendant John Auer's motion to dismiss for failure to state a claim (docket entry #5) and Defendants Willis Re Inc. and Phillip Bowie's motion to dismiss under Rule 12(b)(6) and supporting brief (docket entry #13). Crisalli's claim for intentional infliction of emotional distress is **DISMISSED**, while his claims for tortious interference with an existing contract and conspiracy remain pending.

**SIGNED this the 17th day of March, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] "The basic measure of actual damages for tortious interference with contract is the same as the measure of damages for breach of the contract interfered with, to put the plaintiff in the same economic position he would have been in had the contract interfered with been actually performed." *Am. Nat'l Petroleum Co.*, 798 S.W.2d at 278. Mental anguish damages are generally not recoverable in an action for breach of contract. *Comstock Silversmiths, Inc. v. Carey*, 894 S.W.2d 56, 57 n. 2 (Tex. App. – San Antonio 1995, no writ).

[2] Crisalli argues that case law supports the recovery of emotional distress damages arising from a tortious interference with a contract claim. *See Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*, 257 F.3d 449, 455 (5th Cir. 2001). However, other courts have concluded that "mental anguish damages are not recoverable in any tort action based on rights growing out of the breach of a contract." *Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 486 (Tex. App. – Houston [14th Dist.] 1996, no writ). *Creditwatch* appears to resolve this conflict among the courts.